IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| V. | § | No. 3:14-cr-236-D (09) |
| | § | |
| IRINEO RAMOS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Irineo Ramos, a federal prisoner, filed a *pro se* Request to Take Judicial Notice of Adjudicative Facts, citing Federal Rule of Evidence 201, in which he challenges the Court's subject matter jurisdiction in this case [Dkt. No. 395] (the "Notice"). Senior United States District Judge Sidney A. Fitzwater referred the Notice to the undersigned United States magistrate judge for hearing, if necessary, and entry of findings and recommendation under 28 U.S.C. § 636(b)(1)(B). *See* Dkt. No. 396. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, because the Notice is, in substance, an unauthorized successive motion under 28 U.S.C. § 2255, the Court, construing it as such, should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action. And the Court should direct the Clerk of the Court to open for statistical purposes a new Section 2255 case (nature of suit 510 directly assigned, per Special Order 3-250, to Judge Fitzwater and the undersigned) and to close the same on the basis of any order accepting or adopting this recommendation.

**Applicable Background**

Ramos pleaded guilty to conspiracy to possess with intent to distribute a

controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B)(viii), and he was sentenced to 210 months' imprisonment. *See* Dkt. Nos. 162 & 350. He did not file a direct appeal. And the Court denied his initial Section 2255 motion, in which he urged that *Johnson v. United States*, 135 S. Ct. 2551 (2015), be expanded to invalidate the firearm enhancement he received under U.S.S.G. § 2D1.1(b)(1). *See Ramos v. United States*, No. 3:16-cv-2126-D-BN, 2016 WL 5793762 (N.D. Tex. Aug. 3, 2016), *rec. adopted*, 2016 WL 5661663 (N.D. Tex. Sept. 30, 2016).

Through the Notice, Ramos now contends that an Assistant United States Attorney who prosecuted this case "was not [a] proper representative of the United States.... Thus, the United States was not party to the action. As a result, this Court must convene an Evidentiary Hearing to assess the jurisdiction defect." Dkt. No. 395 at 1.

**Legal Standards and Analysis**

Although Ramos urges that the Notice not be construed as a motion under 28 U.S.C. § 2241, under 28 U.S.C. § 2255, or under Federal Rule of Civil Procedure 60(b), his attack on the Court's subject matter jurisdiction (based on an alleged defect in the appointment of an Assistant United Stats Attorney) is a substantive challenge to his criminal conviction and sentence. *See, e.g., Quiel v. United States*, Nos. CV-16-01535-PHX-JAT (MHB) & CR-11-02385-PHX-JAT, 2017 WL 4803823, at *13 (D. Ariz. Oct. 25, 2017) ("When a trial court rendered a judgment without subject-matter jurisdiction, a habeas court can provide relief. *Bowen v. Johnston*, 306 U.S. 19, 23-24 (1939). The United States is a party to a proceeding if a single 'proper representative' participates, *United States v. Providence Journal Co.*, 485 U.S. 693, 708 (1988). This designation is

not defeated by the presence of improper representatives. *United States v. Plesinski*, 912 F.2d 1033, 1038 (9th Cir. 1990). Indeed, an unauthorized attorney may appear 'in court alone on several occasions' and jurisdiction is not defeated so long as that attorney 'was at all times acting under the direction and supervision of' a proper representative. *Plesinski*, 912 F.2d at 1038." (citations omitted)); *see also generally Harvey v. United States*, Nos. 05-CR-00373-LHK-1 & 16-CV-02674-LHK, 2018 WL 4181949 (N.D. Cal. Aug. 30, 2018) (construing a Rule 60(b) motion contending that a prosecutor not authorized to represent the United States deprived the court of subject matter jurisdiction as substantively a successive Section 2255 motion).

And because Ramos has already pursued an initial Section 2255 motion, his current challenge "can be pursued only in accordance with the provisions of 28 U.S.C. §§ 2244 and 2255 governing second or successive § 2255 motions." *United States v. Powell*, 295 F. App'x 920, 922-23 (10th Cir. 2008) (also addressing a filing attacking the district court's subject matter jurisdiction; citation and footnote omitted).

Therefore, as Ramos seeks to assert through the Notice a new challenge to his conviction and sentence, the Notice is an unauthorized successive Section 2255 motion in disguise. And Ramos's failure to obtain authorization from the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3) before making this challenge "acts as a jurisdictional bar to the district court's asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to" make this challenge through a successive Section 2255 motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

not defeated by the presence of improper representatives. *United States v. Plesinski*, 912 F.2d 1033, 1038 (9th Cir. 1990). Indeed, an unauthorized attorney may appear 'in court alone on several occasions' and jurisdiction is not defeated so long as that attorney 'was at all times acting under the direction and supervision of' a proper representative. *Plesinski*, 912 F.2d at 1038." (citations omitted)); *see also generally Harvey v. United States*, Nos. 05-CR-00373-LHK-1 & 16-CV-02674-LHK, 2018 WL 4181949 (N.D. Cal. Aug. 30, 2018) (construing a Rule 60(b) motion contending that a prosecutor not authorized to represent the United States deprived the court of subject matter jurisdiction as substantively a successive Section 2255 motion).

And because Ramos has already pursued an initial Section 2255 motion, his current challenge "can be pursued only in accordance with the provisions of 28 U.S.C. §§ 2244 and 2255 governing second or successive § 2255 motions." *United States v. Powell*, 295 F. App'x 920, 922-23 (10th Cir. 2008) (also addressing a filing attacking the district court's subject matter jurisdiction; citation and footnote omitted).

Therefore, as Ramos seeks to assert through the Notice a new challenge to his conviction and sentence, the Notice is an unauthorized successive Section 2255 motion in disguise. And Ramos's failure to obtain authorization from the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2244(b)(3) before making this challenge "acts as a jurisdictional bar to the district court's asserting jurisdiction over [it] until [the Fifth Circuit grants him] permission to" make this challenge through a successive Section 2255 motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). Thus,

>it is appropriate for the Court to dismiss the [construed] successive § 2255 motion without prejudice pending review by a three-judge panel of the Fifth Circuit[, but] it is also appropriate to transfer the successive motion to the Fifth Circuit for a determination of whether [Ramos] should be allowed to file the successive motion in the district court.

*United States v. King*, Nos. 3:97-cr-0083-D-01 & 3:03-cv-1524-D, 2003 WL 21663712, at *1 (N.D. Tex. July 11, 2003) (citing *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997)), *rec. adopted*, 3:03-cv-1524-D, Dkt. No. 7 (N.D. Tex. July 28, 2003).

As this is, in substance, Ramos's first successive motion, the Court should transfer the Notice to the Fifth Circuit for appropriate action.

**Recommendation**

Because Defendant Irineo Ramos's *pro se* Request to Take Judicial Notice of Adjudicative Facts, citing Federal Rule of Evidence 201, in which he challenges the Court's subject matter jurisdiction in this case [Dkt. No. 395] is, in substance, an unauthorized successive motion under 28 U.S.C. § 2255, the Court, construing it as such, should transfer it to the United States Court of Appeals for the Fifth Circuit for appropriate action, and the Court should direct the Clerk of the Court to open for statistical purposes a new Section 2255 case (nature of suit 510 directly assigned, per Special Order 3-250, to United States District Judge Sidney A. Fitzwater and United States Magistrate Judge David L. Horan) and to close the same on the basis of any order accepting this recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: January 22, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE